David Abrams, Attorney at Law (DA-8126)
305 Broadway, 5th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811



United States District Court
Southern District of New York

———————————————————
R. Magnoni,                       )
                                  )
            Plaintiff,            )
                                  )
       - against -                )   Index No.:_____
                                  )
Smith & Laquercia, LLP &          )
Thomas Laquercia                  )
                                  )
            Defendants.           )
———————————————————

## COMPLAINT

Plaintiff, complaining of the Defendants by her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

I.   **Introduction**

1.   This is an action for unpaid overtime/wages under the Fair Labor Standards Act and New York Wage & Hour Regulations. Plaintiff also asserts a claim of sex discrimination/harassment and age discrimination under the New York City Human Rights Law.

II.  **Parties**

2.   Plaintiff R. Magnoni is a natural person residing in the State of New York, County of Nassau.

3.  Upon information and belief, defendant Smith & Laquercia LLP (the "Primary Employer") is a New York limited liability partnership with a principal place of business at 291 Broadway, 16th Floor, New York, NY 10007.

4.  Upon information and belief, defendant Thomas Laquercia (the "Secondary Employer") is a natural person who resides in the State of New York, County of Kings.

### III. Venue & Jurisdiction

5.  Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(2) in that defendants reside in New York and, upon information and belief, the Primary Employer maintains a continuous and systematic presence in the Southern District.

6.  Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act and the remaining claims for part of the same case or controversy.

7.  Personal jurisdiction exists over the Primary and Secondary Employers in that this action arises from their activities in New York, specifically the employment of the Plaintiff.

### IV. Background

8.  Upon information and belief, the Primary Employer and Secondary Employers (collectively, the "Employer") operate a law firm. The Secondary Employer is a principal partner in the law firm/

9.  Ms. Magnoni was employed by the Employer, including any predecessors in interest.

10. Ms. Magnoni was not paid a proper overtime premium for work in excess of 40 hours per week.

### IV. Causes of Action and Demand for Relief

#### Count One: Violation of the Fair Labor Standards Act

11. The allegations contained in paragraphs 1 through 10 are incorporated as if restated herein.

12. Plaintiff was an employee of the Employer within the meaning of the Fair Labor Standards Act.

13. Upon information and belief, the Defendants were employers within the meaning of the Fair Labor Standards Act and subject to the same Act.

14. The Employer violated the Fair Labor Standards Act in that it did not properly compensate plaintiff for the overtime she worked.

#### Count II: Violation of New York Wage & Hour Law

15. The allegations contained in paragraphs 1 through 14 are incorporated as if restated herein.

16. Ms. Magnoni was an employee of the Employer within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

17. The Employer was an employer within the meaning of those same regulations.

18. The Employer violated the above regulations in that it did not properly compensate Ms. Magnoni for the overtime hours he worked. The Employer also failed to pay proper accrued vacation time and the like upon Ms. Magnoni's separation from employment.

### Count III: Violation of the New York City Human Rights Law

19. Ms. Magnoni was an employee and Defendants were employers within the meaning of the New York City Human Rights Law.

20. Ms. Magnoni was subject to frequent lewd, sexually suggestive and/or inappropriate behavior by and/or with the knowledge of the Employer in violation of the New York City Human Rights Law.

21. The Employer discriminated against Ms. Magnoni on the basis of age by excluding her from the Smith & Laquercia LLP Profit Sharing Plan.

WHEREFORE Plaintiff demands judgment against the Employer in the amount of her unpaid overtime and/or wages and/or wage supplements, together with liquidated, compensatory, punitive and other multiple damages, costs, fees, interest; and such other and further relief that the Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
  Attorney for Plaintiff
R. Magnoni

305 Broadway, 5th Floor
New York, NY 10007
Tel. 212-897-5821
Fax 212-897-5811

Dated:   New York, NY
         November 7, 2007