UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
R. MAGNONI,　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiff,　　　　　　　　　　　:　　Civil Action No.
　　　　　　　　　　　　　　　　　　　　　　　　　　:　　07 CV 9875 (VM)
　　　　-against-　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　　ANSWER WITH
SMITH & LAQUERCIA, LLP &　　　　　　　　　　　　:　　COUNTERCLAIM
THOMAS LAQUERCIA,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　　(Jury Trial Demanded)
　　　　　　　　　Defendants.　　　　　　　　　　　:
------------------------------------------------------------x

## DEFENDANTS' ANSWER

Defendants Smith & Laquercia, LLP ("S&L") and Thomas Laquercia ("Mr. Laquercia" and, together, "Defendants"), by their attorneys, Rottenberg Lipman Rich, P.C., for their answer to the Complaint of plaintiff R. Magnoni ("Plaintiff"), state as follows:

　　　1.　　Defendants lack knowledge and information sufficient to form a belief concerning the allegations contained in paragraph 1 of the Complaint.

　　　2.　　Defendants lack knowledge and information sufficient to form a belief concerning the allegations contained in paragraph 2 of the Complaint.

　　　3.　　Defendants admit that S&L is a limited liability partnership with a principal place of business located at 291 Broadway, 16th Floor, New York, NY 10007.

　　　4.　　Defendants admit that Mr. Laquercia resides in the State of New York, County of Kings.

　　　5.　　Defendants lack knowledge and information sufficient to form a belief concerning the allegations contained in paragraph 5 of the Complaint, as those allegations call for a legal conclusion.

6. Defendants lack knowledge and information sufficient to form a belief concerning the allegations contained in paragraph 6 of the Complaint, as those allegations call for a legal conclusion.

7. Defendants lack knowledge and information sufficient to form a belief concerning the allegations contained in paragraph 7 of the Complaint, as those allegations call for a legal conclusion.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint to the extent that Defendants admit that they operate a law firm and admit that Mr. Laquercia is a partner of that law firm.

9. Defendants admit the allegation contained in paragraph 9 of the Complaint to the extent that Defendants admit that Plaintiff was employed by S&L.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

<u>Count One: Violation of the Fair Labor Standards Act</u>

11. Defendants lack knowledge and information sufficient to form a belief concerning the allegation contained in paragraph 11 of the Complaint, as that allegation calls for a legal conclusion.

12. Defendants lack knowledge and information sufficient to form a belief concerning the allegation contained in paragraph 12 of the Complaint, as that allegation calls for a legal conclusion.

13. Defendants lack knowledge and information sufficient to form a belief concerning the allegation contained in paragraph 13 of the Complaint, as that allegation calls for a legal conclusion.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

<u>Count Two: Violation of the New York Wage & Hour Law</u>

15. Defendants lack knowledge and information sufficient to form a belief concerning the allegation contained in paragraph 15 of the Complaint, as that allegation calls for a legal conclusion.

16. Defendants lack knowledge and information sufficient to form a belief concerning the allegation contained in paragraph 16 of the Complaint, as that allegation calls for a legal conclusion.

17. Defendants lack knowledge and information sufficient to form a belief concerning the allegation contained in paragraph 17 of the Complaint, as that allegation calls for a legal conclusion.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

<u>Count Three: Violation of the New York City Human Rights Law</u>

19. Defendants lack knowledge and information sufficient to form a belief concerning the allegation contained in paragraph 19 of the Complaint, as that allegation calls for a legal conclusion.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

22. Plaintiff's claims fail to state a claim upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

23. Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred because of plaintiff's unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## COUNTERLCAIM FOR BREACH OF FIDUCIARY DUTY

### (On behalf of S&L)

S&L, as and for its counterclaim against Plaintiff, alleges as follows:

26. Plaintiff was an employee at S&L from June 14, 1990 to April 13, 2007. Plaintiff began her employment with S&L as a paralegal and, on November 1, 2002, was promoted to a position having office management responsibilities. At all times, Plaintiff was a full-time employee of S&L and she was supposed to devote her full time and attention to S&L matters.

27. Plaintiff did not work exclusively on S&L matters during her employment at S&L but, upon information and belief, operated a business as a legal process server out of S&L's offices known as Contessa ("Contessa").

28. On information and belief, for many years Plaintiff utilized S&L resources to facilitate Plaintiff's operation of Contessa.

29. During ordinary business hours, when Plaintiff was supposed to be devoting her full time and attention to her employment by S&L, Plaintiff frequently devoted extensive time and attention to operating Contessa.

30. Plaintiff utilized S&L's telephone and computer systems to carry on her operation of Contessa during normal business hours.

31. Plaintiff utilized S&L's business address to send and receive mail relating exclusively to her operation of Contessa.

32. At times, Plaintiff utilized other members of S&L's staff to perform services relating exclusively to her operation of Contessa.

33. On information and belief, Plaintiff concealed from S&L the amount of time that she was devoting to Contessa by misrepresenting that she was out of the office working on S&L matters, for doctor's appointments, for sick days or for other "personal" matters when, in fact, she was working on matters for Contessa.

34. Plaintiff's operation of Contessa made Plaintiff less efficient at her job and required other S&L staff members to assume portions of Plaintiff's ordinary S&L responsibilities.

35. On information and belief, Plaintiff significantly supplemented her S&L income through her operation of Contessa.

36. Plaintiff's actions caused S&L to pay Plaintiff and other S&L staff members greater compensation than S&L would have been required to pay if Plaintiff had devoted her full time and attention to her S&L responsibilities.

37. By reason of the foregoing, Plaintiff breached her duty of loyalty and her fiduciary duty to S&L.

38. By reason of the foregoing, S&L has suffered damages believed to exceed $100,000 and to be more precisely determined at trial.

WEHREFORE, S&L respectfully requests that the Court dismiss Plaintiff's claims with prejudice, grant judgment on S&L's counterclaim for the relief and damages stated

herein and further to be proved at trial, and grant such other and further relief as the Court deems just and proper.

Dated: December 12, 2007
New York, New York

                                  ROTTENBERG LIPMAN RICH, P.C.

By: _____
     Thomas E. Chase (TC 8266)
369 Lexington Avenue
Sixteenth Floor
New York, New York 10017
(212) 661-3080
Attorneys for Defendants Smith & Laquercia, LLP
and Thomas Laquercia