David Abrams, Attorney at Law (DA-8126)
305 Broadway, 5th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

| | |
|---|---|
| R. Magnoni, | ) |
| Plaintiff, | ) |
| - against - | ) No. 07 cv 09875 (VM) |
| Smith & Laquercia, LLP & Thomas Laquercia | ) |
| Defendants. | ) |

## Answer to Counterclaim

Plaintiff Magnoni, for her answer to Defendant's counterclaim, answers as follows:

26.     Plaintiff admits that she was employed full time at S&L from 1990 to 2007 as a paralegal and otherwise denies the allegations contained in Paragraph 26.

27.     Plaintiff admits that she operated a business known as "Contessa" and otherwise denies the allegations contained in Paragraph 27.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied, except that Plaintiff admits that (a) Plaintiff used, on rare occasions, employees of Defendant S & L to file papers for matters assigned to Contessa by Defendant S & L, and that Defendant S & L was not charged or billed for those filing services provided by employees of Defendant S & L; (b) Plaintiff used, on rare occasions,

persons who were employed by S & L to file papers during their lunch or non-employment hours in matters not assigned by Defendant S & L; and (c) Plaintiff used, on one occasion, persons who were employees of Defendant S & L, to file papers during their work hours in matters not assigned by Defendant S & L to Plaintiff.  In all situations, Defendant authorized and/or ratified said activity.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's claim is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff denises that Defendant S & L is entitled to any award pursuant to its counterclaim; however, if any such award is obtained by Defendant S & L, on its counterclaim (whether as an offset against the Plaintiff's recovery under the Complaint or as an affirmative award against the Plaintiff), such award obtained by Defendant S & L, pursuant to its counterclaim, is itself subject to setoff and/or elimination by reason of the wrongful conduct (including but not limited to harassment, discrimination, intentional

2

infliction of emotional distress, threats of violence, retaliation and/or failure to pay proper wages or overtime) of Defendant S & L, including that of Defendant Laquercia, regardless of when that wrongful conduct occured.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's counterclaim is itself unlawful retaliation under the civil rights laws and/or the overtime laws.

WHEREFORE Plaintiff demands judgment dismissing defendant's counterclaim in its entirely and awarding Ms. Magnoni costs, fees and such other and further relief as the Court deems just.

/s/ David Abrams

David Abrams, Attorney at Law
Attorney for Plaintiff
    Magnoni
305 Broadway, 5th Floor
New York, NY 10007
Tel. 212-897-5821
Fax    212-897-5811

Dated: January 2, 2008
New York, New York