```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/9/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

R. MAGNONI,
                Plaintiff, :

   -against- : 07 CV 9875 (VM) (DFE)

SMITH & LAQUERCIA, LLP & THOMAS      *This is an ECF case.*
LAQUERCIA, : CONFIDENTIALITY
                Defendants. : AGREEMENT and
                            : ORDER

----------------------------------------------------------- X

    IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel for the respective parties herein and ORDERED by the Court, as follows:

    1.    This Stipulation and Order shall govern the handling of all documents (whether in writing, on electronic, magnetic and/or digital media or otherwise), testimony, discovery responses, and other information, including all copies, excerpts, extracts and summaries thereof (collectively, "Material") produced, given or filed during discovery or other proceedings in this Litigation.

    2.    The provisions of this Stipulation and Order shall apply to the following persons: (a) the named parties in the Litigation (the "Party" or "Parties"), (b) any other person or entity producing or receiving Material in this Litigation and (c) all counsel representing any party in the Litigation. (Collectively, "Persons").

    3.    Any Person may designate as "Confidential" any non-public Material which such Person provides in the course of discovery proceedings in this Litigation when such Person in good faith believes (1) that such Material is sensitive business or personal information that is

USDC SDNY
DATE SCANNED: 6/9/08

unavailable to others in the industry or to the public or (2) contains or reflects confidential information relating to the legal representation of any third party ("Confidential Material").

4. No Confidential Material produced or disclosed in this Litigation may be used by any Person, other than the disclosing Person, for any purpose whatsoever, except in connection with this Litigation.

5. Confidential Material, as well as information acquired or extracted from it, shall not, without the consent of the Person producing it or further Order of this Court, be disclosed by any Person to any other person, except that such information may be disclosed to:

 (a) The Parties;

 (b) Counsel of record in the above-entitled action;

 (c) Persons regularly employed or associated with the law firms of the attorneys described in subsection (b) of this Paragraph or the internal legal departments of the Parties, when the assistance of such persons is reasonably required by said attorneys in connection with this Litigation;

 (d) Expert witnesses, consultants and investigators retained in connection with this Litigation, to the extent such disclosure is reasonably necessary in connection with this Litigation, except that Confidential Materials may not be disclosed to any expert witnesses or consultants who are officers or employees of an entity which competes with either Plaintiff or Defendants, without their prior agreement or further Order of this Court;

 (e) Witnesses and deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this Litigation; and

 (f) The Court (including court reporters, stenographic reporters and court personnel); provided, however, that any Person may request that the Court provide such further

- 2 -

protections as may be necessary to prevent disclosure of Confidential Material as a result of any court filing, trial or hearing in the Litigation.

6. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made prior to production by stamping or writing the word "Confidential" on each page of any such document or, where appropriate, on the first page of an identifiable group of documents.

(b) In the case of interrogatory answers, designation shall be made by stamping or writing the word "Confidential" on or near the relevant portion of any such answer.

(d) Testimony given at a deposition or hearing may be designated as "Confidential" by an appropriate statement at the time of the giving of testimony or in writing within a reasonable time, not to exceed ten (10) business days, after receiving the transcript of the testimony.

7. The production or disclosure of any Confidential Materials that are inadvertently not designated as "Confidential," shall not constitute a waiver of the producing or disclosing Person's right to subsequently designate such Materials as "Confidential" Materials by timely sending written notice identifying such Materials by Bates number and requesting that such Materials be treated as Confidential Materials.

8. Any Party may, after attempting to resolve the matter by agreement, make an application to the Court for a ruling that Material designated as Confidential Material is not entitled to treatment as Confidential Material under this Stipulation and Order.

9. No Person shall disclose any Confidential Information to a person other than one specified in this Stipulation and Order without the prior written consent of the Person who produced the Confidential Material or permission from the Court.

- 3 -

10.  The inadvertent production or disclosure of any Materials that are privileged, immune or otherwise protected from discovery ("Protected Materials") shall not constitute a waiver of the producing or disclosing party's right to claim that such Materials are Protected Materials.

11.  At the conclusion of the Litigation, whether by final judgment, dismissal, or otherwise, or the exhaustion of any appeals, counsel for each Party shall, upon the written request of any person or Party who produced Confidential Materials, destroy all Confidential Materials and any and all copies of those Confidential Materials, or Materials containing information acquired or extracted from the Confidential Materials, or return all such Confidential Materials to the producing party's counsel, except that counsel of record in this Litigation may maintain copies of any pleadings including all exhibits attached thereto to the extent such pleadings and exhibits contain Confidential Material, and any such pleadings and exhibits will continue to be treated as Confidential in accordance with the terms of this Stipulation and Order.

12.  The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, severance, judgment or other disposition of this Litigation, and this Court shall continue to retain jurisdiction to enforce the terms of this Stipulation and Order.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

[SIGNATURE BLOCK FOR CONFIDENTIALITY STIPULATION AND ORDER]

Dated: May 27, 2008

| | |
|---|---|
| ROTTENBERG LIPMAN RICH, P.C.<br>Attorneys for Defendants<br><br>By: _____<br>Thomas E. Chase<br>369 Lexington Avenue, 15th Floor<br>New York, New York 10017<br>Telephone:  (212) 661-3080<br>Facsimile:   (212) 867-1914 | David Abrams, Attorney at Law<br>Attorney for Plaintiff<br><br>By: _____<br>David Abrams<br>305 Broadway, 5th Floor<br>New York, New York 10007<br>Telephone:  (212) 897-5821<br>Facsimile:   (212) 897-5811 |

So Ordered: JUNE 9, 2008

_____
The Hon. Douglas F. Eaton
United States Magistrate Judge