OCT 20 2008

## Rottenberg Lipman Rich, P.C.

new jersey office
park 80 west, plaza one
saddle brook, new jersey 07663
telephone (201) 490-2022
telecopier (201) 490-2040

369 lexington avenue
sixteenth floor
new york, new york 10017
telephone (212) 661-3080
telecopier (212) 867-1914

www.rlrpclaw.com

Thomas E. Chase
member
tchase@rlrpclaw.com

October 8, 2008

(faxed on October 20, 2008)

By Facsimile (212-805-6181)

Magistrate Douglas F. Eaton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 11201

**MEMO ENDORSED**

Re: Joint Letter Submitted by Counsel, Pursuant to Paragraph 3 of Magistrate Douglas F. Eaton's Standing Order For Discovery Disputes, in the Case of Magnoni v. Smith & Laquercia, LLP, et al (07 cv 09875 (VM))

(This is an ECF case)

Dear Magistrate Eaton,

We are counsel to Defendants in the above-captioned action and write pursuant to Paragraph 3 of your Standing Order for Discovery Disputes. We drafted this letter and e-mailed it to Plaintiff's counsel, David Abrams, Esq., on October 8, 2008 and advised him that, in accordance with Paragraph 3 of your Standing Order for Discovery Disputes, he had five business days to add to this joint letter Plaintiff's position regarding the below-discussed discovery dispute, and that this letter would then be faxed to you on October 16, 2008.

Defendants' Position Regarding this Discovery Dispute

Plaintiff is intolerably delinquent in meeting her discovery obligations in this case. Her counsel's repeated promises that Plaintiff would produce documents and sit for a deposition by dates certain have been broken time and again, causing months of delay. Defendants request an order directing Plaintiff to comply with all outstanding document requests on or before October 24, 2008 and to sit for a deposition on November 6, 2008.

As background, Plaintiff was employed by Defendants' law firm and alleges, among other things, that Defendants failed to pay her overtime wages owed under the Fair Labor Standards Act. One of Defendants' defenses to this claim is that Plaintiff did not accrue overtime because Plaintiff devoted significant time (during ordinary business hours and from Defendants' office) to the operation of an independent legal process serving business named Contessa Legal Process. Contessa Legal Process is wholly owned and controlled by Plaintiff, provided process services to many law firms (including Defendants) and generated significant independent compensation for Plaintiff.

Defendants served their First Requests for Production of Documents on March 17, 2008. Among other things, Defendants' First Requests demanded production of all affidavits of

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/08

USDC SDNY
DATE SCANNED 10/27/08 H

Rottenberg Lipman Rich, P.C.

October 8, 2008   (faxed on Oct. 20)
Page 2

service prepared by Contessa Legal Process. To date (seven months after service of the First Requests), Plaintiff has failed to produce all such affidavits of service. The affidavits of service are relevant to Defendants' defenses because they indicate the amount of time that Plaintiff devoted to, and the amount of income that Plaintiff generated from, Contessa Legal Process during times that she alleges she was accruing base and overtime wages as Defendants' employee. Some of the affidavits, sworn to by Plaintiff, place Plaintiff during normal business hours in Staten Island, Westchester and Long Island, far from Defendants' offices in Manhattan. Plaintiff acknowledges the relevance of the affidavits of service and has produced some of them and her counsel has promised to produce them all. Most recently, Plaintiffs' counsel said Plaintiff would complete production of documents by September 29, 2008, but that has not happened.

Plaintiff has similarly failed and refused to provide a deposition. On June 18, 2008, Defendants noticed Plaintiff's deposition for July 17, 2008. Plaintiff postponed and otherwise failed to agree on a date to appear for her deposition until September 18, 2008. On September 9, 2008, fully nine days before the deposition, Plaintiffs counsel informed me that Plaintiff was ill and unable to attend her deposition. Plaintiff since agreed to provide a deposition on October 15, 2008, but her failure to produce all responsive documents now requires that deposition date to be adjourned as well. Plaintiff's delay has caused this case significantly to lag behind the schedule set out in Judge Marrero's Case Management Order.

By reason of the foregoing, Defendants require an order directing Plaintiff to complete document production by a definite date that is sufficiently in advance of a definite date for her deposition to permit Defendants' counsel to review all documents and prepare for the deposition. Defendants respectfully request that Magistrate Eaton order Plaintiff to produce all responsive documents in her possession by October 24, 2008; order Plaintiff to provide a deposition on November 6, 2008; and order that if Plaintiff fails to meet either of those two deadlines her claims may be dismissed with prejudice.

Plaintiff's Position Regarding this Discovery Dispute

On behalf of my client, I respectfully disagree with Defendants' version of events, among other things that I made specific promises on behalf of my client to produce all of her documents by a certain date. Further, my client has advised me that she was delayed in producing documents over the past few weeks due to the hospitalization of her brother.

In any event, I do not believe that a point-by-point rebuttal of Defendants' assertions is necessary, since I do not not object if the Court enters an order directing my client to produce documents by a certain date. My client informs me that the only remaining documents to be produced at this time are some audio tapes which may contain information responsive to Defendants' document request. She has assured me that she can give me copies of any responsive audiotapes by Sunday, October 26. I would ask that Ms. Magnoni be directed to

Rottenberg Lipman Rich, P.C.

**MEMO ENDORSED**

October 8, 2008 (faxed on Oct. 20)
Page 3

produce the tapes and any other responsive documents so as to be received by her attorney no later than October 26, 2008. I would then ask for an additional eight calendar days to produce the documents to Defendants' counsel in case in case I have any technical problems producing the audiotapes.

With respect to my client's deposition, she has advised me that she is available to be deposed on November 10, 11 or 13 of 2008. Thus, I do not object if the Court enters an order directing that Ms. Magnoni's deposition take place on one of those 3 days.

Finally, I believe it would be excessively harsh were the Court to enter an order that my client's claims be dismissed with prejudice in the event that she does not comply. The reality is that unforseen problems, such as the hospitalization of Ms. Magnoni's brother, sometimes arise and in any event, there has been little or no prejudice to the Defendants. Further, my client has already produced over 3000 pages of documents and it does not appear that she is acting in bad faith.

Respectfully yours,

_____          _____
Thomas E. Chase, Esq.                David Abrams
Counsel for Defendants               Counsel for Plaintiff

10/23/08 — I direct Ms. Magnoni to deliver to her attorney Mr. Abrams, no later than Sunday October 26, 2008, all documents responsive to Defendants' document requests (including audio tapes and all affidavits of service prepared by Contessa Legal Process). I direct Mr. Abrams to produce all documents by October 28, 2008, except that he may take until noon on November 3, 2008 to produce audible copies of the audio tapes. I direct Mr. Chase to promptly choose November 10, 11 or 13, 2008 as the date for the deposition of Ms. Magnoni, and I direct Ms. Magnoni to appear on the chosen date for up to seven hours of questioning by defense counsel.

Douglas F. Eaton