USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-29-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
R. MAGNONI,

                    Plaintiff,

          - against -

SMITH & LAQUERCIA, LLP, et ano.,

                    Defendants.
----------------------------------x

07 Civ. 9875 (VM)(DFE)

This is an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

     I am responding to the joint letter from Mr. Abrams and Mr.
Chase, dated December 24 but faxed to me on December 26, 2008.

1. The dispute about the subpoenas

     By order dated October 23, 2008, Judge Marrero extended the
completion of fact discovery to December 18, 2008, and wrote: "No
further extensions will be considered. The next status
conference shall be on 12-19-08 at 9:30 a.m."

     On December 3, 2008, Mr. Abrams received an e-mail from Mr.
Chase indicating that Mr. Chase planned to contact some clients
of plaintiff's processing-serving business "Contessa," and that
he intended to subpoena them if necessary. The possibility of
such subpoenas had been the subject of a stipulation between
these two attorneys on August 10, 2008. On December 9, Mr.
Abrams received another e-mail from Mr. Chase; it began: "Please
let me know if you have any good faith objection (and if you do,
the basis for it) to my seeking discovery from Contessa's
clients." Mr. Abrams provided the names and telephone numbers of
five of Contessa's clients "while fully reserving ... all
rights." On December 12 and 15, Mr. Abrams objected to the idea
of subpoenas but he gave only a flimsy basis; his portion of the
joint letter says: "I explained that I thought it was too late
for him to serve subpoenas and that in any event, the subject
matter ... was very far removed from the issues in the case. ...
[I]f he wished to served subpoenas, he should seek an extension
of the discovery deadline." But Judge Marrero had written: "No
further extensions will be considered."

     Prior to the December 18 discovery deadline, Mr. Chase
served the five clients with document subpoenas. Importantly,

-1-

their return date is January 15, 2009, thus giving ample time for Mr. Abrams and/or the five clients to seek relief from Judge Marrero and/or me.

The subpoenas were discussed at Judge Marrero's December 19 conference. Different versions of that discussion are given in the joint letter to me. Mr. Chase says:

> .... At the conference, Mr. Abrams incorrectly argued that the Subpoenas violated the November 28, 2008 discovery cut-off established by Your Honor .... Judge Marrero rejected that argument, pointing out that ... he extended the deadline for fact discovery to December 18, 2008. .... Judge Marrero then scheduled January 30, 2009 as the deadline for dispositive motions, specifically stating that by that time Defendants should have received responses to the Subpoenas.

Mr. Abrams says:

> .... [A]t the conference on December 19, ... [t]he only issue discussed with respect to the subpoenas was the issue of timeliness. As I recall, it was agreed that I would present my application to Your Honor in the first instance.

In any event, Mr. Abrams has now had time to make additional arguments in the December 26 joint letter to me. I see no need to bother Judge Marrero or to try to obtain a transcript of his December 19 conference.

At pages 3-4 of the joint letter, Mr. Abrams argues:

> Here, the subpoenas are clearly untimely since they are returnable in January of 2009. Moreover, Defendants cannot offer any legitimate reason why they did not seek such information earlier. They were well aware months ago that there may have been a discrepancy between the information on Contessa's tax returns and the amount of business performed.

In my view, it was reasonable for Mr. Chase to avoid bothering Contessa's clients until he could take plaintiff's deposition and ask her whether there was any way to determine how much income she received from those clients. On November 18, 2008, she testified as follows:

Q: And if we are going to try to determine
the amount of income that Contessa derived from
other law firms, how would we best do that?

A: I have no idea.

After receiving this answer, Mr. Chase waited 14 more days until
December 2, when he received the transcript of the deposition.
On December 3, he sent the e-mail notifying his adversary that he
intended to contact Contessa's clients, and to subpoena them if
necessary.   I suppose he could have sent this notice without
waiting for the transcript, but I find that the 14-day delay was
insignificant.

On December 9, Mr. Abrams provided Mr. Chase with the name
and telephone number of a contact person at each of the five
clients.  As authorized by the August 10 stipulation, Mr. Chase
then contacted those five clients.  At least some of them
requested him to serve a subpoena.  On December 12 and 15, Mr.
Abrams voiced objections to the idea of subpoenas.  Mr. Abrams
now argues that the August 10 stipulation required Mr. Chase to
refrain from serving the subpoenas until Mr. Abrams had a
reasonable chance to present the dispute to the Court.   The
August 10 stipulation (which was not court-ordered) did come
close to saying this; it said:

   4.   If Defendants wish to engage in further
   requests for information, such as a subpoena,
   the[y] will first contact Ms. Magnoni's counsel
   to discuss the same in good faith.

   5.   If the attorneys are unable to resolve
   the issue through such a discussion, they will
   present the dispute to the Court pursuant to the
   individual practices of Magistrate Judge Eaton;
   [and/or] the Local Rules of the Southern District
   of New York; and/or the Federal Rules of Civil
   Procedure.

On the other hand, Mr. Chase knew about subsequent developments:
Judge Marrero had extended fact discovery to December 18, and had
written, "No further extensions will be considered."  Mr. Chase
also knew that Mr. Abrams was arguing that it was too late to
serve any subpoenas.  And both attorneys would be appearing
before Judge Marrero on the morning of December 19.  In my view,
Mr. Chase acted reasonably by serving the subpoenas on or before
the December 18 deadline but with a return date of January 15
(well in the future).

At page 4 of the joint letter, Mr. Abrams argues:

> In any event, ... the information sought
> is extremely far removed from the actual issues
> at stake compared to the burden on Contessa's
> customers of producing 7 years' worth of invoices
> and payment records. Defendant have already
> received Contessa's proofs of service and are
> free to check the court records to verify the
> extent of Contessa's activities.

Even if it turns out that plaintiff has provided defense counsel with all of the proofs of service filed by her "Contessa" process-serving business, those documents will not say how much money was received by that business. Information about that money is directly relevant to plaintiff's claim for overtime compensation under the Fair Labor Standards Act. The defendants allege that, during her working days at their office, plaintiff was devoting much of her time to the process-serving business owned and operated by her. The defendants used her process-serving business and paid her additional compensation for this; so did other law firms, but she claims she has no information as to how much income she received from those other law firms.

Plaintiff asks me to quash the subpoenas. She claims that she has standing to move to quash because the subpoenas have "the potential to disrupt relationships." (Joint letter, p. 4.) But she concedes that she sold the Contessa business to her brother, and that in or around March 2007 she ceased her involvement with Contessa. (Joint letter, pp. 1, 5.) Plaintiff also writes: "Finally, if the Court should allow the Defendants to obtain information as a result of the subpoenas, I would respectfully request, at a minimum, that such information be designated 'confidential' pursuant to the earlier Confidentiality [Agreement and Order filed June 9, 2008]." Paragraph 3 of that Confidentiality Agreement and Order suggests that such a decision is to be made in the first instance by the person who is providing the material. Plaintiff may confer with the non-parties who possess the subpoenaed documents to see whether they wish to designate them as "confidential." **I hereby deny plaintiff's request to quash the subpoenas. This is without prejudice to any request that may be made by the non-parties who have received the subpoenas.**

The subpoenas contain the form notice to the recipient stating that if the recipient has any objections to the subpoena, then the recipient must serve a written objection upon Mr. Chase within "14 days after the subpoena is served." Moreover, the

-4-

recipients here are lawyers and law firms. **I hereby direct Mr. Chase to notify the recipient of each of the five subpoenas, as soon as possible, as follows: "In view of the holidays, Magistrate Judge Douglas F. Eaton has granted an extension to January 6, 2009 for serving any written objection to a subpoena served on or before December 18, 2008 in Case Number 07 CV 9875 (VM)(DFE). Any objection must be served upon Thomas Chase, Esq. at fax 212-867-1914 fax and also upon Magistrate Judge Eaton at fax 212-805-6181 fax, with a copy to David Abrams, Esq. at fax 212-987-5811 fax."**

2. The dispute about defendants' finances

At page 7 of the joint letter, plaintiff notes that the parties have stipulated that the revenue of the defendant law firm exceeded the $500,000 threshold provided for in the Fair Labor Standards Act. Plaintiff says that additional financial information "may become relevant if Defendants decide to 'plead poverty' in defense to [her] claim for punitive damages."

I hereby rule as follows. If plaintiff's claim for punitive damages survives the planned summary judgment motion, then the parties shall promptly confer about proposals for a stipulation concerning additional financial information and, if they are unable to reach agreement, they may submit their dispute in a joint letter to Judge Marrero.

*Douglas F. Eaton*

DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181fax

Dated:    New York, New York
          December 26, 2008

Copies of this Memorandum and Order will be faxed to the attorneys today, and will be sent on December 29 by electronic filing to:

David Abrams, Esq.    (fax 212-897-5811fax)
Thomas E. Chase, Esq.    (fax 212-867-1914fax)
Hon. Victor Marrero

-5-